SUCCESSION OF JAMES ERWIN.—G. W. DENTON *v.* CHARLES FONDA, Cu-
rator.

A *negotiorum gestor* has the right to be refunded the taxes assessed on the property and paid by him
during the continuance of his possession ; though no privilege exists therefor.

The privilege of the City of New Orleans for taxes extends for only two years.

*On a re-hearing :*—A contractor by municipal authority has no right of action against the proprietor
for filling up lots in the City of New Orleans, unless he shows that the contract was adjudicated to
him as the lowest bidder, in pursuance of the 22d section of the Act of the 21st March, 1850.

APPEAL from the Third District Court of New Orleans, *Duvigneaud,* J.
D. C. Labatt, for *Denton* appellant.   *Durant & Hornor, G. Schmidt et als.*,
for appellees.

LAND, J.   *G. W. Denton* filed an opposition to the tableau of distribution pre-
sented to the Court in this succession, claiming to be paid the sum of eight hun-
dred and thirty-one dollars and twenty-nine cents, with eight per cent. interest
thereon from the first of May, 1859, by privilege and preference to all the other
creditors of the estate.

The grounds of the opposition are, that for a series of years, the opponent believed
himself to be the real and true owner of certain lots of ground situate in this city,
valued at about six thousand seven hundred dollars ; and that as owner, he was
assessed by the city of New Orleans and the State of Louisiana, for the taxes due
thereon, and paid the several tax bills demanded within the period above men-
tioned.   That by virtue of the payment of said taxes, he became subrogated to
all the rights and privileges of the city and State upon said lots of ground, and
has the right to be reimbursed the amount of taxes paid, in preference to all
other creditors of the succession of *Erwin ;* because, in a suit lately pending in
this Court, a final decision has been rendered against him, decreeing said lots of
ground to be the property of said succession, and to have been the property of
said estate, at the dates of the assessment and payment of the taxes aforesaid.

The opposition was entirely rejected, and *G. W. Denton* has appealed.   The
Judge *a quo* erred.   The opponent, as *negotiorum gestor* of *James Erwin,* or of
his representatives, had the right to be refunded the amount of taxes assessed on
the property and paid by him during the continuance of his possession.   The lia-
bility of the owner of real estate to refund to the party evicted, the amount of
taxes paid by the latter on the property whilst in his possession, has already been
determined by a decision of this Court ; and the principle of that decision, so well
founded in equity, to say nothing of the law, we are not disposed to question or
disturb.   It may be that the payment of these taxes prevented an alienation of
the property, which would have defeated the title of *Erwin,* and secured the right
in his succession.   See *Weber* v. *Coussy,* 12 An. 535.

The opponent, however, is not entitled to a privilege on the property for the re-
imbursement of the taxes paid by him, by virtue of a legal subrogation, as claimed
in his opposition to the tableau of distribution.   The payment of the taxes extin-
guished the debt, and with it the privilege granted by law ; and the opponent did
not occupy any of the legal relations specified in article 2157 of the Civil Code,

which create a subrogation by operation of law. And his right to retain the property until the amount of taxes paid should be refunded to him, was lost by his failure to make such a demand in the petitory action. The opponent, consequently, only has the right to a judgment, as an ordinary creditor, against the succession.

The heirs of *James Erwin*, who are appellees, have joined in the appeal and prayed for an amendment of the judgment homologating the tableau, and ask that the privilege of the city of New Orleans for taxes due by the succession, be reduced from seven to two years. The heirs are entitled to the amendment prayed for, because the law expressly limits the existence of a privilege for taxes to two years, to be computed from the first day of April of the year for which they may have been assessed. See Acts of 1855, sec. 43, p. 512, which is the re-enactment of the Act of 1850, sec. 35, p. 138.

The heirs also pray that the judgment be so amended as to determine the share of the expenses of the administration of the succession, for which they are liable. This object can be best attained in the lower Court, on a rule taken by the heirs for that purpose.

It is therefore ordered, adjudged and decreed, that the judgment homologating the tableau of distribution be amended, and that the opposition of *G. W. Denton* be sustained, for the sum of eight hundred and thirty-one dollars and twenty-nine cents, with interest thereon at the rate of five per cent. per annum from the first of May, 1859, and that the same be placed on the tableau of distribution, as an ordinary debt, and paid by the Curator in due course of administration. And it is further ordered, adjudged and decreed, that the privilege in favor of the city of New Orleans for taxes, be reduced to two years, and that said privilege be recognized and enforced only for the taxes due from the succession for the years 1857 and 1858. And it is further ordered, adjudged and decreed, that the judgment homologating the tableau, thus amended, be affirmed, at the costs of the succession, in both Courts.

---

## Same Case.—On a Re-hearing.

Land, J. We granted a re-hearing in this case to consider a second opposition filed by *G. W. Denton* to the Curator's tableau of distribution. As this opposition was not disposed of by the judgment appealed from, we did not consider it in the opinion prepared in the first instance; but as we are satisfied that *Denton* is concluded by the judgment of the lower Court homologating the final tableau of distribution, although it is silent as to this particular demand, it is our duty to pass upon the merits of his second opposition.

The opponent claimed in his second opposition to be placed on the tableau as a privilege creditor for the sum of two hundred dollars and eighteen cents, the costs of filling up certain lots which he at the time held and possessed as owner, but which were afterwards adjudged to be the property of the succession of *James Erwin*.

The contractor who filled up the lots, sued *Denton* for the sum above mentioned, which he paid with a conventional subrogation to all the rights of the former.

Whether *Denton* has a right to recover from the succession of *Erwin* the amount paid to the contractor, depends on the question whether the latter could

have recovered the cost of filling up the lots, in an action against the succession, for the only rights which *Denton* claims to enforce, are those which he acquired from the contractor by the effect of the subrogation.

It has already been held that a contractor by municipal authority has no right of action against the proprietor, for filling up lots in the city of New Orleans, unless he shows that the *contract was adjudicated to him as the lowest bidder*, in pursuance of the 22d section of the Act of the 21st March, 1850 ; and as *Denton* has failed to show that the contract was adjudicated to the contractor as the lowest bidder, in pursuance of the provisions of the statute, he has failed to show any right of action in him against the succession of *Erwin*. See Session Acts 1850, p. 164 ; *Fox* v. *Sloo*, 10 An. p. 11 ; *Fox* v. *City of New Orleans*, 12 An. 154. As the contractor had no right of action against the succession of *Erwin*, *Denton* acquired none by the effect of the conventional subrogation.

It is therefore ordered, adjudged and decreed, that our former judgment, which virtually bars said second opposition of *G. W. Denton*, remain undisturbed.